# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. GIPSON, | ) | CASE NO. 4:19CV368 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN MARK K. WILLIAMS, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Robert D. Gipson ("Gipson" or "Petitioner") (ECF DKT #1). For the reasons that follow, this action is dismissed,

## I. BACKGROUND

When this action was filed, Petitioner neither paid the required filing fee nor filed an application to proceed with this matter without payment of the fee. Magistrate Judge Kathleen Burke ordered Gipson to either pay the filing fee, or complete and file the application to proceed *in forma pauperis* attached to the order within thirty days (ECF DKT #2 ("Deficiency Order")). The Deficiency Order warned Gipson that failure to comply may result in dismissal of this action without further notice (*id*.).

Magistrate Judge Burke's order was mailed to Gipson at his address of record and the mailing has not been returned to the Court as undeliverable. More than thirty days have passed. Gipson has neither responded to the Deficiency Order nor sought an extension of time to do so.

## II. DISCUSSION

Federal law authorizes the Court to permit a plaintiff or petitioner to proceed with a civil action without payment of the required filing fee upon a showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a). When a prisoner fails to pay the required fee or apply to proceed *in forma pauperis*, the Court must notify the prisoner and grant him thirty days to correct the deficiency. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Where, as here, Petitioner fails to comply with the Deficiency Order, the Court must "'presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of petition for a writ of habeas corpus for want of prosecution where petitioner failed to comply with the district court's deficiency order) (quoting *McGore,* 114 F.3d at 605); *see also Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (affirming district court's dismissal of a prisoner's § 1983 action for want of prosecution for failing to comply with a deficiency order that clearly identified the documentation required and expressly warned that failure to comply may result in dismissal) (citing *McGore,* 114 F.3d at 605) (further citation omitted).

The Deficiency Order contained specific instructions and attached a copy of the application to proceed *in forma pauperis* for Gipson to complete if he was unable to pay the required filing fee. While *pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers, *pro se* litigants are not entitled to leniency with respect to compliance with readily comprehended court orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Gipson failed to comply with the Deficiency Order or to seek an extension of time to do so within the thirty day period ordered by the Magistrate Judge. The Deficiency Order warned Gipson that failure to comply may result in dismissal without further notice. This action is dismissed without prejudice for want of prosecution. *McGore*, 114 F.3d at 605.

### III. CONCLUSION

For all of the foregoing reasons, this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

                                    **s/ Christopher A. Boyko**
                                    **CHRISTOPHER A. BOYKO**
                                    **United States District Judge**

**Dated: April 26, 2019**